UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALAN DAWES (#83855)

VERSUS                                             CIVIL ACTION

JUDY DUPUY, ET AL                                  NUMBER 11-142-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 3, 2011.

                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALAN DAWES (#83855)

| | |
|---|---|
| VERSUS | CIVIL ACTION |
| JUDY DUPUY, ET AL | NUMBER 11-142-BAJ-SCR |

<u>MAGISTRATE JUDGE'S REPORT</u>

Pro se plaintiff, an inmate confined at Phelps Correctional Center, Dequincy, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Judy Dupuy, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Alan Levine, Baton Rouge City Council, East Baton Rouge Police Jury, Mayor Kip Holden, East Baton Rouge Parish Sheriff Sid Gautreaux, East Baton Rouge Department of Public Works, Tommy Sanders, Dr. Bridges, Louise Leonard, East Baton Rouge Parish Prison Warden Willie Douglas, Assistant Warden Dennis Grimes, Assistant Warden Max Schiele, J. Scott, Capt. Bell, J. L. Wade, Sgt. Freeman, Lt. Barrick, Cpl. Brown, Terry Blackwell, Kyle Alford, Lt. Mike Tuminello, George Blackwell, Lakeisa Theriot, Cathy Debate, Monique Miller, Emergency Medical Services, East Baton Rouge Parish Sheriff's Office. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement at the East Baton Rouge Parish Prison in violation of his constitutional rights. Specifically, the plaintiff alleged that on July 1, 2009, while confined at the East

Baton Rouge Parish Prison, he was bitten by a spider. Plaintiff alleged that between July 1 and August 7, 2009, he was denied adequate medical treatment for the spider bite. Plaintiff further alleged that the prison was underfunded, which resulted in unconstitutional conditions of confinement. Plaintiff amended the complaint to identify Kyle Alford, J. L. Wade, Terry Blackwell and George Blackwell as City/Parish government employees, made changes to other paragraphs to reflect these changes, amended defendant E.B.R. Police Jury to read City/Parish Gov, and included a final page titled "Definitions to Amendments Made."[1]

**Applicable Law and Analysis**

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915.

In an action proceeding in forma pauperis under § 1915, the court may consider, sua sponte, affirmative defenses that are

---

[1] Record document number 134.

apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).[2]

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on March 10, 2011 and it was filed on March 11, 2011. Therefore, any claims plaintiff had against these defendants regarding acts which occurred in 2009 have prescribed.

The holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), does not affect this determination. In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the

---

[2] Several defendants filed a Motion to Dismiss based, in part, on the defense of prescription. Motion to Dismiss filed on behalf of Willie Douglas, East Baton Rouge Parish Warden Dennis Grimes, Assistant Warden Max Schiele, Chief of Security Johnny Scott, Lt. Darrell Bell, Lt. Daniel Barrick, Lt. Mike Tuminello, Sgt. Just Freeman and Lt. Emeal Brown. Record document number 78. Plaintiff filed an opposition. Record document number 133, Answer to Motion to Dismiss.

3

pendency of properly filed administrative remedy proceedings (ARP) will toll the one-year limitations period for prisoners' claims in this state.

Plaintiff alleged in his complaint that he filed an ARP with the East Baton Rouge Parish Prison against the medical department and complaining that he was charged for medical treatment related to a spider bite.[3]

Plaintiff alleged that on January 1, 2011, he filed an administrative grievance with Phelps Correctional Center officials seeking an explanation as to why Department of Correction inmates are housed at East Baton Rouge Parish Prison when the prison is in violation of hundreds of codes each day.[4] Plaintiff further asked who he should "look to concerning the liability of the injury [he] suffered."[5] The administrative grievance was rejected.[6]

Plaintiff alleged that on February 5, 2011, he filed an administrative grievance (ARP) with East Baton Rouge Parish Prison officials complaining that Department of Corrections inmates are confined at the parish prison even though the prison is in constant violation of Health and Safety Codes and Basic Jail Guidelines.[7]

---

[3] Record document number 1, pp. 3, 7, 8.

[4] *Id.* at 10.

[5] *Id.*

[6] *Id.* at 11.

[7] *Id.* at 12.

4

Plaintiff did not attach to his Complaint or later file his 2009 parish prison ARP. Assuming he did file an ARP in 2009, it would have related to his dissatisfaction with the medical treatment he received and to charges for medical services rather than the unconstitutional conditions of confinement claim asserted in the complaint. Therefore, the 2009 ARP did not toll prescription regarding the unconstitutional conditions of confinement claims raised in the complaint.

Even assuming the plaintiff's 2009 ARP was sufficient to place prison officials on notice regarding his unconstitutional conditions of confinement claim, and the limitations period was tolled as to those claims as well as the claims actually raised in his ARP during the pendency of the ARP, his claims are nonetheless prescribed.

In his affidavit attached to Plaintiff's Traverse of Defendant's Claims of Failure to Exhaust Remedies, the plaintiff stated that he filed his ARP with East Baton Rouge Prison officials on July 27, 2009, seeking a refund of the money charged for medical services resulting from the spider bite.[8] Plaintiff stated that he received the First Step Response on September 10, 2009 and he

---

[8] Record document number 6, p. 9. Plaintiff filed a second traverse addressing the issue of exhaustion of administrative remedies. Record document number 95, Plaintiff's Traverse of Defendant's Claims of Failure to Exhaust Remedies.

proceeded to the Second Step on September 11, 2009.[9]

The East Baton Rouge Parish Prison Inmate Grievance Procedure requires that an administrative grievance must be received by the Warden or his designee within 30 days of the complained-of-event.[10] Grievances which are properly filed and subject to the procedure are accepted and referred to an appropriate employee for investigation and a Response.[11] The employee delivers a Response and the grievance to the Warden or his designee, who gives a copy to the inmate within 30 days of filing the grievance.[12] Upon receiving the Response, or upon the passing of 30 days from the filing of the grievance without receiving a response, the inmate may request review by the Warden by filing a Request for Warden's Review.[13] The request must be received by the Warden or his designee within 5 days of the inmate's receipt of the Response or, if no response was timely received, within 5 days of the expiration

---

[9] *Id.*

[10] Record document number 5-1, p. 11, Inmate Grievance Procedure, Procedure: A. Filing a grievance. Plaintiff argued in his complaint that he complied with the requirements of the prison rule book regarding the exhaustion of administrative remedies. Plaintiff attached copies of letters he sent to the East Baton Rouge Parish Prison ARP Officer regarding an ARP he filed against the medical department because he was charged for medical treatment for a spider bite. Record document number 1, p. 7.

[11] *Id.* at 11-12, Procedure B: Screening.

[12] *Id.* at 12, Procedure C: Investigation and Response.

[13] *Id.* at 12, Procedure D: Warden's Review.

of the 30 day time limit for a response.[14] The Warden or his designee will review the grievance, the Response and any Advisory comment if any, and deliver a copy of his Decision to the inmate within 60 days of filing of the grievance.[15]

As already mentioned, the plaintiff asserted that he filed an ARP on July 27, 2009. In accordance with the East Baton Rouge Parish Prison Administrative Grievance Procedure, the Warden or his designee would have had 60 days from July 27, 2009, the date the ARP was filed, to deliver a copy of his Decision. Therefore, the Warden's Decision was due no later than September 25, 2009.

Assuming that limitations period was tolled between July 27, 2009, the date the plaintiff allegedly filed his ARP, and September 25, 2009, the date by which the Warden was required to submit his Response, the plaintiff had until September 27, 2010, to file a Complaint.[16] Plaintiff did not sign his Complaint until March 10, 2011. Even allowing for some inadvertent delay, more than one year of the limitations period elapsed by the time the plaintiff filed his complaint on March 10, 2011.

Additionally, by the time the plaintiff filed the other two

---

[14] *Id.*

[15] *Id.*

[16] Plaintiff had until September 25, 2010, to file his complaint. Because the prescriptive date fell on a Saturday, the plaintiff had until the next business day, September 27, 2010, to file a complaint.

7

ARPs, the one with Phelps Correctional Center and other with East Baton Rouge Parish Prison in 2011, all of his claims were already prescribed.

Because it is clear that the plaintiff's complaints fail to state a claim upon which relief may be granted, his claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaints and his claims be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

It is clear from a review of the record, particularly the plaintiff's original and amended complaints, his first and second Plaintiff's Traverse of Defendant's Claims of Failure to Exhaust Remedies, and his Answer to Motion to Dismiss, that there are no additional fact, consistent with those in the complaints, which he could allege to overcome the finding that all of his claims are prescribed.

Therefore, it is the further recommendation of the magistrate judge that this action be dismissed without affording the plaintiff a further opportunity to amend his complaint.

Baton Rouge, Louisiana, November 3, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE